Donahue, J.
The principal question arising in this case involves the construction of Section 3283a, Revised Statutes of Ohio (99 O. L., 590). This court, in a former action between the City of Cincinnati and The Louisville & Nashville Railroad Company, 82 Ohio St., 466, held this section constitutional. It provides, among other things, that proceedings to appropriate an easement to use and occupy for an elevated track any portion of any public ground lying within the limits of a municipality and dedicated to the public for use as a public ground, common, landing or wharf, or for any other public purposes excepting streets, avenues, alleys or public roads, shall be conducted *289 ■in the manner provided in title II,- chapter 8, part ■ 3, of the Revised Statutes, so far as the same may be applicable thereto.
Chapter 8, part 3, title II, relates to' the appropriation of private property by corporations. Section 6420 is one of the sections of this chapter, and reads as follows: “On the day. named in any summons first served, or publication first completed, the probate judge shall hear and determine!' the questions of the existence of the corporation,] •its right to make the appropriation, its inability to! agree with the owner, and the necessity for the* appropriation. Upon these questions the burden of proof shall be upon the corporation, and any interested person shall be heard.”
In pursuance to the provisions of Section 6420, this case came on to be heard in the insolvency court upon these four preliminary questions, and that court found that the plaintiff is a corporation, that it is unable to agree with the owner, that it had no right to make the appropriation, that there is no necessity for the appropriation, and dismissed the plaintiff’s petition.
The common pleas court affirmed this judgment. The circuit court reversed this judgment of affirmance and also the judgment of the court of insolvency, upon the theory that that court had no. authority to determine the necessity for the appropriation or the right to appropriate.
It is insisted on the part of the. defendant in error in support of the judgment of the circuit court, that Section 3283a, Revised Statutes, authorizes the board of directors of any domestic or' foreign corporation owning or operating a railroad wholly *290 or partly within the state of Ohio to determine the necessity- of such appropriation, that its judgment in that respect is final, that the court in appropriation proceedings under Section 3283a has no right or authority to hear and determine these questions, and that the necessity for the appropriation is solely within the discretion of the board of directors of the railroad company.
The language of this statute upon which counsel for defendant in error rely, is as follows: “If it be necessary in the judgment of the board of directors of any domestic or foreign corporation owning or operating a railroad wholly or partly within the State of Ohio to use and occupy for an elevated track any portion of any public ground * * * such company may appropriate an easement over so much of such ground as may be •necessary for such purpose.”
This language is not different from the language •found in original Section 3283, Revised Statutes, which was before this court in Village of Rockport v. C. C. C. & St. L. Ry. Co., 85 Ohio St., 73.
That section provided among other things: “and ■it be necessary in the judgment of the directors of such company to use and occupy such road, street, alley, way or ground, such company may appropriate so much of the same as may be necessary for the purposes of its road, .in the manner and upon the same terms as is provided for the appropriation of the property of individuals.”
As already stated, title II, chapter 8, part 3, of the Révised' Statutes, provides for the appropriation ' of' the property of individuals, so that the .statutes'in this, respect are identical.. They are *291 also alike in the fact that the board.: of ^directors of the railroad company:.must first determine the necessity of the appropriation-: before ■ the. commencement of the proceedings to. appropriate.
It may also be observed in-passing,. .That the language used in the original Section 3283, Rervised Statutes, is now used in the General- Code. The presumption is that the- codifiers-did -not;.intend to change the meaning of this statute^ and we do not think that they have changed the-meaning by substituting the words, “in .the. níánner. ahd upon the same terms as is provided: for .the . appropriation of the property of individuals,” (Section 8767, General Code), for the words, '.“title. II, chapter 8, part 3, of the Revised Statutes”- (Section 3283a, Revised Statutes). .
In the case of Rockport v. Railroad Co., supra, the court of insolvency of Cuyahoga county heard these preliminary questions and determined among other things that “such appropriation Is not necessary for the purposes of the plaintiff’s railroad,” and- thereupon dismissed plaintiff’s: petition-. - The common pleas court affirmed the judgmént of .the court of insolvency. The circuit court, reversed .the judgment of the court of insolvency and .the judgment of the court of common pleas ¡ affirming' the same, and this court reversed the judgment of the circuit court and affirmed the judgment, of the court of insolvency.
The effect óf the judgment in that case-is that the following language, found in Section 3283, Revised Statutes, “and it be necessary in the judgment of the directors of such company to use and occupy such road,”.: did ' not confer *292 ;upon.' the railroad company fiüal authority, to determine that question, but rather that under the provisions of this section a corporation has primary discretion in determining the necessity for the appropriation, but that under .the provisions of Section 6420, Revised Statutes;- the probate judge is expressly given jurisdiction to hear and determine this question, as well as the other questions mentioned in that section. To the same effect is W. & L. E. Rd. Co. v. Toledo Ry. & Term. Co., 72 Ohio St., 368; P. C. C. & St. L. Ry. Co. v. City of Greenville, 69 Ohio St., 487.
We are content with the conclusions reached by .this court in the cases above cited. We do not believe that the legislature intended to make the board of directors of a railroad corporation a court of last.resort to determine the necessity of the appropriation of property already dedicated to a public use. If it had so intended, it would certainly have provided some. means or method by which persons interested might be heard before their •rights are forever foreclosed by the judgment of "the board of directors of a private corporation, and •probably would have provided for an appeal or error proceeding. When the legislature declared that the proceedings to appropriate must be in conformity to the appropriation proceedings provided in chapter 8, part 3 of title II, so far as the same may be applicable, it certainly had in mind 'the provisions of Section 6420 of that chapter, and there is- no apparent reason why the provisions of that section are not applicable to this proceeding.
: In this case, as in the Rockport case,.the prop'erty -sought to be'.appropriated for the. elevated *293 tracks of The Louisville & Nashville Company is property already dedicated to-a public use, and before it can be appropriated to another public use which will materially interfere with the original use or be partly destructive of that use, it should be made to appear clearly that the same is necessary, and not destructive of the public use to which-the land is already devoted, otherwise great injustice might be done to existing rights- of the public without any real necessity therefor. As for instance, in this case it is claimed by counsel for plaintiff in error that the real purpose of the railroad company is to cripple, hinder and prevent river traffic, to the end that it may increase its own freight and passenger receipts, and that those in management of this company’s affairs have shown an unfriendly disposition toward river navigation. Without in any way determining that this charge is true, the fact that it might be true, if not in this case, then in some other similar case, would show the absolute absurdity of committing to an unfriendly board of directors of a competing line of travel and transportation final authority to-determine its own needs, to the destruction of a rival interest.
If the construction of this section contended for by counsel for The Louisville & Nashville Railroad-Company were to obtain, then the section is clearly unconstitutional. Section 16 of Article I of our constitution provides that: “All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay.”
*294 • If a -question of- such vital'importance to the citizens, of a municipality is to' be adjudicated finally by the board of directors of a private corporation without any notice to persons or municipalities interested and without even a right of such persons or municipalities to appear before the board' of directors, then not only the spirit but the letter of this provision of the constitution is violated, for' in.this way a most' important public use may be entirely destroyed at- the mere whim and caprice of the board- of directors of a private corporation without any actual nécessity therefor. It is theréfore evident that this court, when it affirmed the judgment of the circuit court of Hamilton county holding this law constitutional, did not believe it subject tó ¿ny such construction as here contended for, otherwise it must have held the law to be in violation of Section 16 of the Bill of Rights.
A consideration of the principles underlying the right sought to be asserted here could lead to no other conclusion. Eminent domain is the right of the sovereign to' appropriate private property for public use upon paying to the owner a just compensation therefor to be ascertained according the methods provided by law. In this state this ' right of eminent domain ' is vested in the state' government, but the state may exercise this right Through the medium of corporate bodies to whom; it delegates the power to exercise it, but this right can be delegated only for public purposes, private property cannot be taken for private use. without thé consent of the owner. This appropriation is" sought for • public purposes only, otherwise there is no fight to appropriate. Thé *295 property, however, is already devoted to a public purpose. In 1789, when the town of Cincinnati was platted, the original proprietors dedicated this land as a common for the use and benefit of the town, forever reserving only the right to a ferry. In the dedication of this land to public use the proprietors had a right to designate the use' to which it should be applied. It is now sought to subject this land to another public use which may interfere with or even be partly destructive of the use to which it was originally dedicated. It is clear that this can be done under the provisions of Section 3283a, Revised Statutes, but it is equally clear that it was not the intention or purpose of the legislature to give any larger rights or greater powers to the company seeking such appropriation than is given in other cases. It is the settled policy of this state to protect from unnecessary interference or destruction a public use already acquired in property, and- we do not think that the legislature in enacting Section 3283a, Revised Statutes, intended to relax this rule or to abandon this wise public policy.
This court, in the case of L. & N. Rd. Co. v. City of Cincinnati, 76 Ohio St., 481, held that the city could grant no rights in this property to the railroad company, and further held that it was not even in the power of the legislature, unless in the exercise of the right of eminent domain, to authorize property dedicated to a public use for a specific purpose to be used for a purpose inconsistent with that to which it was dedicated. The effect of this holding is that without the aid of Section 3283a, the Louisville & Nashville railroad could *296 not appropriate any easement in this land inconsistent with the use to which it was originally dedicated. To hold that the legislature in delegating this extraordinary power to private corporations also conferred authority upon these corporations to finally determine the existence of primary facts essentially prerequisite to the right to appropriate at all, would be in effect to hold that the legislature had abused the power and authority conferred upon it by the constitution of the state.
It is, however, the settled rule of construction in this state that all statutes granting to corporations the right of eminent domain, which is an attribute of sovereignty itself, must be strictly construed. Currier v. Marietta & Cincinnati Rd. Co., 11 Ohio St., 228; Atkinson v. M. & C. Rd. Co., 15 Ohio St., 21; Platt v. Pennsylvania Co., 43 Ohio St., 228; Ravenna v. Pennsylvania Co., 45 Ohio St., 118.
We have reached the conclusion that Section 6420, Revised Statutes, applies to proceedings to appropriate brought under favor of Section 3283a, Revised Statutes, and that the judge or court hearing said cause has the right and authority to determine every preliminary question incident to the exercise of the right of eminent domain.
Counsel have urged other assignments of error upon our attention, but the view we have taken of this question disposes of the case, and because of the fact that the other questions are peculiar to this case only and not of general importance, we have not considered it necessary to pass upon them at this time.
*297 The judgment of the circuit court is reversed, and the judgment of the court of insolvency of Hamilton county and that of the court of common pleas affirming the same are affirmed.

Reversed.

• Shauck, C. J., Johnson, Wanamaker, Newman and Wilkin, JJ., concur.